IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER ALLEN TALBOT, | ) | |
| Plaintiff, | ) | 4:03cv3400 |
| vs. | ) | MEMORANDUM AND ORDER |
| GARY LOYA, | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 22, the Motion for Summary Judgment filed by the defendant, Dr. Gary Loya. The plaintiff, Roger Allen Talbot a/k/a Nicholas Talbot, served a sentence in the custody of the Nebraska Department of Correctional Services ("DCS") for sexual assault on a child. At the conclusion of his sentence, the Lancaster County Sheriff's Department took the plaintiff into custody because the Lancaster County Attorney had initiated proceedings under the Nebraska Mental Health Commitment Act. The plaintiff claims that the defendant, Dr. Loya, intentionally gave false testimony at the plaintiff's mental health commitment hearing on or about September 11, 2003, thereby wrongfully causing the plaintiff to be committed by the Lancaster County Mental Health Board as a mentally ill and dangerous person.

Thus, in this civil rights action against Dr. Loya, brought pursuant to 28 U.S.C. § 1983, the plaintiff indirectly challenges the truth of the factual basis for his confinement. Because he seeks damages against the defendant, who allegedly provided false testimony to procure the plaintiff's commitment, the plaintiff's success in this action would mean that his commitment is unlawful. In other words, a decision in the plaintiff's favor in this case would necessarily imply the invalidity of his detention.

As the defendant points out in filing no. 22, the plaintiff may not, through an action under 42 U.S.C. § 1983, cast doubt on the validity of his confinement unless his judgment of commitment has first been invalidated or overturned in a state habeas or similar proceeding or through a federal petition for a writ of habeas corpus[1] brought after exhaustion of state court remedies. The United States Supreme Court, in Preiser v. Rodriquez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of continued confinement for a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his confinement. See Heck v. Humphrey, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also Muhammad v. Close, 540 U.S. 749, 750 (2004):

---

[1] "A person who is confined in a mental institution as a result of a judgment of not guilty by reason of insanity or as a result of any other judicial or administrative order is 'in custody' for purposes of [28 U.S.C.] § 2254." Von Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518 at **1 (7th Cir.), cert. denied, 531 U.S 866 (2000) (unpublished).

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. **In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence** .... **In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.**

(Emphasis added.)

The principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence. See, e.g., Von Flowers v. Leean, 215 F.3d 1331, 2000 WL 554518 at **2 (7th Cir.), cert. denied, 531 U.S 866 (2000) (unpublished) (the plaintiff, serving an indeterminate civil commitment under Wisconsin's sexual predator law, "is not entitled to sue for damages for his allegedly unconstitutional confinement until he shows that the order of commitment has already been invalidated"), *citing* Heck v. Humphrey. Accord Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137-42 (9th Cir. 2005) (Heck favorable termination rule applies to § 1983 challenge to civil commitments under California's Sexually Violent Predators Act); Hubbs v. Alamao, 360 F. Supp.2d 1073, 1080-81 (C.D. Cal. 2005) (§ 1983

3

conspiracy and equal protection claims by individual committed to state hospital as a sexual predator were barred, as they implied the invalidity of the commitment); Rogers v. Illinois Dept. of Corrections Special Eval. Unit, 160 F. Supp.2d 972, 977-78 (N.D. Ill. 2001) (Heck bars § 1983 claim that unconstitutional criteria were used to select sex offenders for civil commitment proceedings).

Thus, if the plaintiff wishes to pursue his claims for damages against any person instrumental in procuring his involuntary commitment, he may not do so in this court until he has first successfully invalidated that commitment in an appropriate proceeding. Accordingly, the plaintiff's complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. That filing no. 22, the defendant's Motion for Summary Judgment, is granted;

2. That this action and the plaintiff's complaint is dismissed without prejudice; and

3. That judgment will be entered accordingly.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge